IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TAMIKA HERRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-2775-STA |
| | ) | |
| RICKEY DUGGER, and | ) | |
| MEMPHIS, TENNESSEE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT CITY OF MEMPHIS'S MOTION FOR
JUDGMENT ON THE PLEADINGS**

Before the Court is Defendant City of Memphis's Motion for Judgment on the Pleadings (D.E. # 11) filed on May 25, 2011. Plaintiff Tamika Herron has filed a response in opposition to Defendant's Motion. For the reasons set forth below, the Motion is **GRANTED**.

### BACKGROUND

According to Plaintiff's Complaint, on October 27, 2009, Plaintiff went to a house at 1021 Getwell, Memphis, Tennessee, where her cousin Britney Collins ("Collins") resided, to pick Collins up. (Compl. ¶ 7.) At that time Plaintiff was pregnant. (*Id*.) Prior to Plaintiff's arrival at the house, there had been a disagreement between Collins and other residents of the house. (*Id*. ¶ 8.) During the disagreement, one of the other residents had assaulted Collins. (*Id*.) Collins had called the Memphis Police Department to ask for officers to come to the scene. (*Id*.)

After Plaintiff arrived at 1021 Getwell, she and Collins went to a neighbor's yard to wait

for the police officers. (*Id*. ¶ 9.) Defendant Rickey Dugger, a Memphis Police officer, arrived at the scene. (*Id*. ¶ 10.) As he was pulling into the driveway of the house, one of the residents of 1021 Getwell approached Plaintiff, attempting to strike her. (*Id*.) Plaintiff pushed the resident away in self-defense. (*Id*.) Upon getting out of his police cruiser, Dugger approached Plaintiff and told her to get on the ground. (*Id*. ¶ 11.) When Plaintiff attempted to comply with Dugger's command and told Dugger that she was pregnant, Dugger pushed Plaintiff violently to the ground, putting the full weight of his body on her, digging his knee into her back, and causing her intense pain and discomfort. (*Id*.)

Plaintiff was arrested and taken to Shelby County Jail East, where she was held until she posted her $100 bond. (*Id*. ¶ 12.) Plaintiff was charged with criminal assault under booking number #09209518, and the matter was prosecuted in Shelby County General Sessions Court. (*Id*. ¶ 13.) Soon after her release, Plaintiff was admitted to Methodist-Lebonheur Hospital in Memphis, where she was diagnosed with a miscarriage, ending her pregnancy and causing her emotional distress from the loss of her unborn child as well as the physical pain and discomfort of the miscarriage. (*Id*. ¶ 14.) Plaintiff alleges that her miscarriage was the direct result of the excessive, unlawful, and unjustified physical force used against her by Defendant Dugger. (*Id*. ¶ 15.) The criminal prosecution against Ms. Herron ultimately resulted with an entry of declaration of *nolle prosequi* by the Shelby County District Attorney, and the case was dismissed. (*Id*. ¶ 16.)

In addition to alleging that Defendant Dugger violated her constitutional rights, Plaintiff alleges that the City of Memphis is liable pursuant to 42 U.S.C. § 1983. More specifically, Plaintiff alleges that Defendant failed to have a use of force policy in effect at the time of her

2

arrest that prohibited the use of excessive force in such circumstances presented by this case, presumably where the arrestee is pregnant. (*Id*. ¶ 26.)  Defendant's policies and customs with respect to the use of force at the time of Plaintiff's arrest violated Plaintiff's Fourth and Fourteenth Amendment rights. (*Id*.)  Plaintiff alleges that "[t]his inadequate training, as a result of Memphis's deliberate indifference" violated her rights and was the proximate cause of her injuries and the death of her unborn child. (*Id*. ¶ 27.)

Plaintiff further alleges that Defendant delegated policy making authority to Defendant Dugger and vested him, as a police officer, with authority to determine and establish policy with respect to the arrest of individuals, including policy with respect to when and under what circumstances to arrest an individual, the manner of effecting the arrest of an individual, and when to use deadly force. (*Id*. ¶ 28.)   Therefore, Defendant City of Memphis is liable for the unlawful acts of Defendant Dugger. (*Id*.)  Alternatively, Plaintiff alleges that Defendant City of Memphis has a policy or custom of delegating discretion to its police officers when and under what circumstances to arrest individuals, the amount of force to use in arresting an individual, and the manner of effecting an arrest of an individual, all in violation of the Constitution. (*Id*. ¶ 29.)

The Complaint also alleges that Defendant City of Memphis is liable under the Tennessee Governmental Tort Liability Act for the negligent hiring and training of Defendant Dugger. (*Id*. ¶ 35.)  Plaintiff seeks to hold Defendant City of Memphis vicariously liable for any award of punitive damages made against Defendant Dugger. (*Id*. ¶ 40.)

In its Motion for Judgment on the Pleadings, Defendant City of Memphis argues that Plaintiff has failed to plead a plausible claim against it.  Defendant contends that Plaintiff's

allegations are conclusory and without any factual support.  The Court should dismiss Plaintiff's claim that the Memphis Police Department failed to have a policy on the use of force on October 27, 2009.  The City states that this Court has received evidence of the MPD's use of force policy in many cases in the past.  Second, Plaintiff's failure to train claim is not supported by any factual allegations.  As such, Defendant is entitled to judgment on the pleadings.  Third, Plaintiff has failed to plead any facts to assert the City's deliberate indifference, specifically, that the City was aware of prior claims of unconstitutional conduct by Defendant Dugger or other MPD officers.  Likewise, Plaintiff has failed to plead any facts in support of her allegation that the City has delegated policy-making authority to Defendant Dugger or that the City has a custom or policy of delegating such authority to its officers.  For all of these reasons, the Court should grant Defendant judgment on the pleadings as to all of Plaintiff's § 1983 claims.

      Additionally, Defendant argues that it has immunity from suit under the GTLA because Plaintiff's tort claim against the suit is actually in the nature of a civil rights claim.  Therefore, immunity is not removed under the Act.  Finally, the City posits that it is not liable for punitive damages.  Therefore, the Court should dismiss all claims against Defendant City of Memphis.

      In her response in opposition, Plaintiff argues that she has plausibly plead her § 1983 claims against the City.  Plaintiff recites her pleadings about the elements of her § 1983 claims and the facts giving rise to those claims.  Plaintiff asserts that she has made "specific factual allegations concerning the City of Memphis's policies, customs, and delegation of authority to the individual officer, Defendant Dugger."  Taken together, Plaintiff argues that her pleadings have plausibly alleged a § 1983 claim against the City.  Plaintiff next denies that the MPD's official written policy on the use of force is dispositive because the alleged custom of the MPD

as well as the alleged delegation of authority to MPD officers would have effectively overridden the City's written policy. Plaintiff further challenges without citation to any legal authority Defendant's argument that immunity is not waived for her GTLA claims sounding in civil rights. Plaintiff does concede that Defendant City of Memphis cannot be held liable for any punitive damages. Therefore, the Court should deny Defendant's Motion in part.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) states, "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."[1] Motions for judgment on the pleadings may be granted where the moving party "is entitled to judgment as a matter of law."[2] Just as with Rule 12(b)(6) motions, the Court must consider a Rule 12(c) motion by taking all the "well-pleaded material allegations of the pleadings of the opposing party" as true.[3] A pleading's factual allegations must be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, i.e., more than merely possible.[4] However, "a legal conclusion couched as a factual allegation" need not be accepted as true on a motion to dismiss, nor are recitations of

---

[1] Fed. R. Civ. P. 12(c).

[2] *Cincinnati Ins. Co. v. Beazer Homes Invs., LLC*, 594 F.3d 441, 444 (6th Cir.), *vacated on other grounds*, 399 F. App'x 49 (6th Cir. 2010).

[3] *Id.*

[4] *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)).

the elements of a cause of action sufficient.[5] Thus, although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[6]

## ANALYSIS

### I. Section 1983 Claims Against the City of Memphis for Violations of Plaintiffs' Fourth and Fourteenth Amendment Rights

Plaintiff's only federal cause of action against Defendant City of Memphis is her § 1983 claim for violation of her Fourth and Fourteenth Amendment rights to be from the use of excessive force. Construing the Complaint in the light most favorable to the Plaintiff and accepting all factual allegations as true, the Court concludes that the City of Memphis is entitled to judgment as a matter of law on Plaintiff's § 1983 claims. Section 1983 creates a cause of action when there is a deprivation "of any rights, privileges, or immunities secured by the Constitution," as a result "of any statute, ordinance, regulation, custom, or usage, of any State."[7] In cases of local government liability, a plaintiff must allege the following: (1) that the plaintiff has suffered a deprivation of a constitutional right; and (2) the local government is responsible for that violation.[8] Furthermore, a local governmental entity, such as a municipality, "is not

---

[5] *Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007));

[6] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

[7] 42 U.S.C. § 1983.

[8] *Doe v. Claiborne County, Tenn. By and Through Claiborne County Bd. of Educ.*, 103 F.3d 495, 505-506 (6th Cir. 1996).

vicariously liable under § 1983 for the constitutional torts of its agents: it is only liable when it can be fairly said that the [entity] itself is the wrongdoer."[9] Instead, a plaintiff must allege that the constitutional tort was a result of a policy or custom of the local government entity itself.[10]

In the Motion before the Court, Defendant City of Memphis has not challenged Plaintiff's allegation that Defendant Dugger used excessive force in effecting Plaintiff's arrest on October 27, 2009. For purposes of this Motion, the Court need not reach that issue. The Court holds that even if Defendant Dugger used excessive force in making the arrest, Plaintiff has failed to state a claim to make the City liable for the alleged constitutional violation. In order to establish the second prong of her § 1983 claim, Plaintiff must show that the City of Memphis was responsible for the alleged constitutional deprivations. A municipality cannot be held liable pursuant to § 1983 under a theory of *respondeat superior* for the actions of its employees.[11] For a municipality to be liable under § 1983, the local government's policy or custom must be the "moving force of

---

[9] *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 121, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992). *See also Jett v. Dallas Independent School District*, 491 U.S. 701, 726-29, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989) (discussing history of civil rights statutes and concluding that Congress plainly did not intend to impose vicarious liability on counties, municipalities or other local governmental bodies); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) (rejecting simple vicarious liability for municipalities under § 1983).

[10] *City of St. Louis v. Praprotnik*, 485 U.S. 112, 122, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988) (interpreting rejection of *respondeat superior* liability by *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 691 (1978), as a command that "local governments . . . should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986) (same); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997) (rejecting claims against city and county and holding that "in order to state a claim against a city or a county under § 1983, a plaintiff must show that his injury was caused by an unconstitutional 'policy' or 'custom' of the municipality", citing *Pembaur*).

[11] *Monell*, 436 U.S. at 691.

the constitutional violation."[12]  A "custom" for purposes of *Monell* liability must "be so permanent and well settled as to constitute a custom or usage with the force of law."[13]  In turn, the notion of "law" must include "[d]eeply embedded traditional ways of carrying out state policy."[14]  It must reflect a course of action deliberately chosen from among various alternatives.[15]  In short, a "custom" is a "legal institution" not memorialized by written law.[16]  Additionally, Plaintiff must show a direct causal link between the custom and the constitutional deprivation, that is, "the particular injury was incurred because of the execution of that policy."[17]

The inadequacy of police training may serve as the basis for § 1983 liability, but only where the failure to train "amounts to deliberate indifference to the rights of persons with whom the police come into contact."[18]  Only where a municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants can such a

---

[12] *Polk County v. Dodson,* 454 U.S. 312, 326, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1982) (quoting *Monell,* 436 U.S. at 694).

[13] *Monell,* 436 U.S. at 691 (internal quotation marks and citation omitted); *see also Feliciano v. City of Cleveland,* 988 F.2d 649, 655 (6th Cir.), *cert. denied,* 510 U.S. 826, 114 S.Ct. 90, 126 L.Ed.2d 57 (1993).

[14] *Nashville, Chattanooga & St. Louis Ry. Co. v. Browning,* 310 U.S. 362, 369, 60 S. Ct. 968, 972, 84 L. Ed. 1254 (1940).

[15] *City of Oklahoma v. Tuttle,* 471 U.S. 808, 823, 105 S. Ct. 2427, 2436, 85 L. Ed. 2d 791 (1985).

[16] *Feliciano,* 988 F.2d at 655.

[17] *Garner v. Memphis Police Dep't,* 8 F.3d 358, 364 (6th Cir. 1993) (citation omitted), *cert. denied,* 510 U.S. 1177, 114 S. Ct. 1219, 127 L. Ed. 2d 565 (1994).

[18] *Slusher v. Carson*, 540 F.3d 449, 457 (6th Cir. 2008) (quoting *City of Canton*, 489 U.S. at 388).

shortcoming be properly thought of as a "policy or custom" under § 1983.[19]

"To succeed on a failure to train or supervise claim, a plaintiff must prove the following: (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury."[20]  In order to make these showings, the "plaintiff [must] do more than point to something the city could have done to prevent the unfortunate incident."[21]  To show deliberate indifference, Plaintiff must show prior instances of unconstitutional conduct demonstrating that the City has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.[22]  In the alternative, "a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, could trigger municipal liability."[23]

Just as with a motion to dismiss, Plaintiff must state a claim for relief that is plausible on its face to survive a motion for judgment on the pleadings.[24]  A claim is plausible when the

---

[19] *Cherrington v. Skeeter,* 344 F.3d 631, 646 (6th Cir. 2003).

[20] *Ellis v. Cleveland Mun. Sch. Dist.,* 455 F.3d 690, 700 (6th Cir. 2006) (citing *Russo v. City of Cincinnati,* 953 F.2d 1036, 1046 (6th Cir. 1992)).

[21] *Kahlich v. City of Grosse Pointe Farms*, 120 F. App'x 580, 585 (6th Cir. 2005).

[22] *Plinton v. County of Summit*, 540 F.3d 459, 464 (6th Cir. 2008) (citations and quotation marks omitted).

[23] *Plinton*, 540 F.3d at 464 (quoting *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 409, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)).

[24] *See Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 570, 127 S. Ct. 1955).

plaintiff pleads facts that allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged.[25] This plausibility standard is not a "probability requirement," but rather requires more than a sheer possibility of unlawful actions.[26] If a complaint pleads facts that are "merely consistent with" liability, it "stops short of the line between possibility and plausibility of relief."[27]

Applying the *Iqbal* pleading standard, the Court holds that Plaintiff has failed to allege plausible § 1983 claims against the City of Memphis. The Court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."[28] Plaintiff's claims regarding Defendant City of Memphis' custom, policy or practice of concerning excessive force, training, and delegation of authority amount to legal conclusions without additional factual assertions of any kind. In fact, the Court finds that all of Plaintiff's allegations are nothing more than formulaic recitations of the elements of a § 1983 claim. For this reason alone, Plaintiff's claims should be dismissed.[29]

It is true that Plaintiff has alleged in some detail the circumstances surrounding her arrest. Yet other than to deny that the City of Memphis had policies on the use of force, the Complaint

---

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Iqbal,* 129 S. Ct at 1950.

[29] *See Birgs v. City of Memphis*, 686 F. Supp. 2d 776, 780-81 (W.D. Tenn. 2010) ("Stripped of legal language, Plaintiff's Complaint contains no facts that could plausibly lead one to believe that the City deliberately ignored a history of abuse by officers in the Memphis Police Department.").

is devoid of any facts related to Memphis' excessive force policy or a municipal custom, policy or practice regarding the use of force on pregnant women. In short, Plaintiff's Complaint contains

> no facts. . . that reasonably describe a specific policy or custom of the City [] that violated [Plaintiffs'] constitutional rights. Instead, [the pleading] merely recites the elements of a cause of action to hold the City [] responsible for the actions of its employees. This is precisely the type of claim that is not actionable in a § 1983 action.[30]

As a result, Plaintiff's pleadings have "stop[ped] short of the line between possibility and plausibility" regarding municipal liability.[31] Therefore, Defendant's Motion for Judgment on the Pleadings is **GRANTED** as to Plaintiff's § 1983 claims.

## II.   Tort Claims under the GTLA

The liability of the City for torts committed by its employees and agents is governed by the Tennessee Governmental Tort Liability Act ("GTLA").[32] Under the GTLA, municipalities in

---

[30] *Buster v. City of Cleveland*, No. 09-1953, 2010 WL 330261, at *9 (N.D. Ohio Jan. 21, 2010) (dismissing claim of *Monell* liability which only "tenders naked assertions devoid of further factual enhancement"). *See also Thomas v. City of Chattanooga*, 398 F.3d 426, 432-33 (6th Cir. 2005) ("The danger in appellants' argument is that they are attempting to infer a municipal-wide policy based solely on one instance of potential misconduct. This argument, taken to its logical end, would result in the collapsing of the municipal liability standard into a simple *respondeat superior* standard.").

[31] *See also Hutchison v. Metro. Gov't of Nashville & Davidson, County*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010) (dismissing § 1983 claim for *Monell* liability based on improper traffic stop); *Johnson v. Metro. Gov't of Nashville & Davidson County*, No. 10-0589, 2010 WL 3619790, at *3 (M.D. Tenn. Sept. 13, 2010); *Ghaster v. City of Rocky River*, No. 09-2080, 2010 WL 2802685, at *7 (N.D. Ohio May 12, 2010); *Williams v. City of Cleveland*, No. 09-1310, 2009 WL 2151778 (N.D. Ohio Jul 16, 2009) (plaintiff failed to state a *Monell* claim where he made "no factual allegation that can support the conclusion that the City has a policy or custom of ignoring exculpatory evidence and continuing with prosecutions").

[32] Tenn. Code Ann. § 29-20-205.

Tennessee are immune from suit with certain narrow exceptions and waivers of immunity set forth in the Act. A municipality is generally subject to suit for civil actions sounding in negligence unless the negligence claims "arise out of" the exceptions provided in Tenn. Code Ann. § 29-20-205.[33] The City retains immunity under the GTLA when the injury arises out of one of the specified torts enumerated in subsection (2) of Section 29-20-205.[34] Among the tort claims excepted in subsection (2) are claims for violations of civil rights. Based on this provision, the Court holds that the City is entitled to immunity from suit on claims of negligent hiring and training pursuant to the "civil rights" exception in Tenn. Code Ann. § 29-20-205(2). Therefore, Defendant's Motion for Judgment on the Pleadings as to Plaintiff's GTLA claim is **GRANTED**.

### III.  Claims for Punitive Damages Against the City of Memphis

Defendant argues and Plaintiff concedes that punitive damages are not available against the City of Memphis. The Supreme Court has unequivocally held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983."[35] Thus, Defendants' Motion for Judgment on the Pleadings as to Plaintiff's claim for punitive damages against the City of Memphis is **GRANTED**.

### CONCLUSION

Defendant City of Memphis's Motion for Judgment on the Pleadings is **GRANTED**.

---

[33] § 29-20-205(2).

[34] *See Limbaugh v. Coffee Med. Ctr.,* 59 S.W.3d 73, 82 (Tenn. 2001)

[35] *Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981).

Plaintiff's claims against the City of Memphis are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

                                         **s/ S. Thomas Anderson**
                                         S. THOMAS ANDERSON
                                         UNITED STATES DISTRICT JUDGE

Date: July 15th, 2011.